STEAM GAUGE & LANTERN Co. and another v. EDWARD MILLER & Co.

*(Circuit Court, D. Connecticut. May 15, 1882.)*

1. PATENTS FOR INVENTIONS—REISSUE—INJUNCTION.

Where claims in the original patent were limited to the particular form of the device described, and by the reissue, patentee properly covered broader territory, the additional claims on the reissue being of a limited character, in the absence of adjudication an injunction *pendente lite* ought not to issue.

2. REISSUE—NEW TERRITORY, WHEN VOID.

If the new claims on a reissue take in new territory, they are void in case of delay in applying for such reissue: but if they merely mark more definitely the old boundaries, they are not void; and where the true meaning of the old claims has not yet been clearly settled, a preliminary injunction ought not to be granted.

*Edwin S. Jenney* and *Benj. F. Thurston*, for plaintiffs.
*Frederic H. Betts* and *Charles E. Mitchell*, for defendant.

SHIPMAN, D. J. This is a motion to dissolve the preliminary injunction which was granted in August, 1881, against the infringement, by the manufacture of the Miller lantern, of the first and second claims of reissued letters patent No. 8,598, issued February 25, 1879, to John H. Irwin and others, for an improvement in lanterns. The original patent, No. 89,770, was issued May 4, 1869. The ground of the

motion is that since the date of the injunction the cases of *Miller* v. *Bridgeport Brass Co.* and *Campbell* v. *James* have modified what had theretofore been recognized as the law on the subject of reissues.

The opinion upon the motion for an injunction (8 FED. REP. 314) shows that the principal adjudication which had been theretofore had upon the Irwin patents was made prior to the date of reissue No. 8,598. *Irwin* v. *Dane*, 9 O. G. 642. The infringement which Judges Drummond and Blodgett had before them was undoubtedly that of a lantern which was both an internal and an external air-feeder, and the court, not being called upon to consider the question whether another kind of lantern would be an infringement, used language which implies that the scope of the patent was limited to structures having a bell which receives heated air, and, not being called upon to construe claims with reference to a lantern which discarded heated air as a means of supplying oxygen to the flame, went no further in the construction of the claims than the facts required. The defendant in this case vigorously contended, and founded its argument in part upon the language of the court in *Irwin* v. *Dane*, "that its lanterns, having tubes disconnected with each other and incapable of receiving heated air from the globe, are not within either of the claims of No. 89,770, and therefore are not within those claims when repeated in the same language in reissue 8,598."

Upon a motion for preliminary injunction, and in the absence of an acquiescence by the public in the validity of the plaintiffs' patent, the court is confined within the limits of previous adjudications, and ought not, by granting the motion, to give a new construction to previously-construed claims, unless such construction is perfectly clear. Without going into this part of the controversy between the parties any further than to see that there was fair ground for the contention of the defendant, I said, "There is good reason for advocating this [the defendant's] opinion, and therefore the motion cannot be granted as to those claims of the reissue;" but upon the new claims of the reissue granted an injunction, saying that "while, for the purpose of this motion, it is held to be true that his claims in the original patent were limited to the particular form of the devices described in the specification, yet, by reissue 8,598, he properly covered broader territory."

The defendant now says the claims of the reissue which were in the original patent are too narrow to include the Miller lantern, while the new and broader claims were introduced 10 years after the date of

the original, and after the defendant, relying upon the limited char-
acter of the original patent, had expended a good deal of money in
machinery and appliances for the manufacture of the new lantern,
and are, therefore, void.

The plaintiffs insist that the defendant's lantern would have in-
fringed the claims of the original patent, and that the new claims are
broader than the old only in the sense that they more clearly and
accurately express the true meaning of the original patent.    That
they are "broader," in the general way in which the term has been
commonly used, is probably not doubted.   I am still of opinion that,
in the absence of adjudication, there is such ground for the argument
that the third, fourth, and fifth claims of the reissue are of a limited
character, that I ought not to issue an injunction *pendente lite*
against the manufacture of the Miller lantern as an infringement of
those claims; but I by no means wish to be understood that I have
adopted the defendant's conclusions upon this part of the case.

The point remains whether the first and second claims of the
reissue are of such broadened character as to bring them within the
decision of *Miller* v. *Brass Co.*, or whether they simply make clear
what might have been somewhat obscure, and are, therefore, not
within that decision when fairly and reasonably applied.   This de-
pends upon the construction of the first, second, and fourth claims of
the original patent, which are the third, fourth, and fifth claims of
the reissue.   If the original patent limited the grant to a lantern
which must necessarily have tubes which can furnish heated air to
the flame, and a lantern which does not use heated air as a means
for the supply of oxygen would not have been an infringement, then
the first and second claims of the reissue are an enlargement of the
grant.   But if the original patent, fairly construed, included the
Miller lantern, then the first and second claims are merely a more
clear statement of the invention which had been theretofore both
described and claimed.

Since the recent decision of the supreme court, the validity of the
first and second claims depends upon the question whether they are
an enlargement or a simple restatement of the original claims.   If
the new claims take in new territory, there is good reason to insist
that they are void by reason of the patentees' delay in applying for a
reissue.   If they merely mark more definitely the old boundaries,
they are not affected by the recent decisions.   The determination of
this question depends upon the true meaning of the old claims, and,

as I have said, that has not yet been so clearly settled that I ought to grant a preliminary injunction against the Miller lantern as an infringement of the third, fourth, and fifth claims of the reissue.

It follows that the motion of the defendant should be granted, and that the injunction should be dissolved.